**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————————

No. 02-30614

(Summary Calendar)

————————————

CARL A. ROBERTSON, on behalf of himself and all others similarly situated,

Plaintiff - Appellant,

versus

L S U MEDICAL CENTER; ET AL,

Defendants,

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE; MERVIN TRAIL, Chancellor; RON GARDNER, Vice-Chancellor; FLORA G MCCOY, Human Resources Manager; ALBERT LAVILLE, Louisiana State University Police; LESLYE A BASS, Chief of Police.

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 99-CV-1688-T

_____

November 20, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Carl Robertson ("Robertson") appeals the district court's grant of summary judgment in favor of the individual defendants, Mervin Trail, Ronald Gardner, Albert Laville, Flora G. McCoy, and Leslye A. Bass (collectively, "Appellees"), named in Robertson's suit under 42 U.S.C. §§ 1981 and 1983 against Louisiana State University Medical Center ("LSU") and Appellees, Robertson's superiors at LSU.[1] Robertson claims he was constructively discharged from his position with the LSU campus police in retaliation for having opposed unlawful race-based discrimination by Appellees, and that this constructive discharge constituted an adverse employment action that violated his First Amendment rights.

The district court granted summary judgment in favor of Appellees pursuant to FED. R. CIV. P. 56 (C) because "Robertson has failed to satisfy the heightened pleading requirement under § 1983, because he cannot prove that he was constructively discharged, and because [Appellees] are entitled to qualified immunity."

We review de novo a district court's grant of summary judgment. *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 477 (5th Cir. 2002). Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The district court had previously dismissed the claims against the individual defendants under 42 U.S.C. §§ 1981 and 1983, reasoning that those claims were pre-empted by Title VII. Subsequently, we held that the district court erred in that regard, and we remanded the matter back to the district court solely for adjudication of the claims against the individual defendants under 42 U.S.C. §§ 1981 and 1983.

to a judgment as a matter of law." FED. R. CIV. P. 56(c).

"A First Amendment retaliation claim must include facts showing that: (1) the employee suffered an *adverse employment decision*; (2) the employee's speech involved a matter of public concern; (3) the employee's interest in commenting on matters of public concern outweighs the defendants' interest in promoting efficiency; and (4) the employee's speech must have motivated the defendants' action." *Bradshaw v. Pittsburg Indep. Sch. Dist.*, 207 F.3d 814, 815-16 (5th Cir. 2000) (emphasis added). The adverse employment action claimed by Robertson is his alleged constructive discharge. To establish constructive discharge, Robertson "must prove that his working conditions were so difficult or unpleasant that a reasonable person in his shoes would have felt compelled to resign." *Ugalde v. W.A. McKenzie Asphalt Co.*, 990 F.2d 239, 242 (5th Cir. 1993). A claim of constructive discharge requires "'a greater severity or pervasiveness of harassment than the minimum required to prove a hostile work environment.'" *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) (quoting *Landgraf v. USI Film Prods.*, 968 F.2d 427, 430 (5th Cir. 1992)).

Here, Robertson's factual allegations, and the evidence he produces in support of those allegations, fail to raise a genuine issue as to whether Appellees' alleged retaliatory actions were anything other than normal actions taken to maintain a professional working environment. Robertson alleges that Appellees constructively discharged him by 1) refusing to allow him informally swap overtime hours with a coworker, 2) refusing to give him a day of leave to stay home with his sick daughter, 3) ordering him to remove a personal refrigerator and microwave from his workspace, 4) granting him approval for annual leave only one day before the leave began, 5) ordering Robertson to extinguish a cigarette he was smoking in violation of LSU policy, 6) reassigning him from one post, the eye clinic, to another post, the Emergency Command Post, 7) questioning him after he failed

to report for an overtime shift, and 8) failing to make him aware of several opportunities to work overtime. Robertson has not produced any evidence to suggest that any one of these incidents resulted in a formal reprimand or official disciplinary action against him. Neither has Robertson produced any evidence to suggest that any one of these incidents resulted in a reduction in his salary or benefits, a demotion, a reduction in his job responsibilities, or a reassignment to menial or degrading work.[2] Thus, Robertson has not produced any evidence tending to show that a reasonable person in his situation would have felt compelled to resign.

Because Robertson has failed to raise a genuine issue as to his alleged constructive discharge, Appellees are entitled to summary judgment pursuant to FED. R. CIV. P. 56 (C) on Robertson's retaliation claim, which requires proof of an adverse employment decision.[3] The district court's grant of summary judgment in favor of Appellees is AFFIRMED.

---

[2] Robertson produced a number of letters he wrote to Appellees, as well as few pages from his personal, hand-written journal. However, these letters and entries provide only conclusory allegations of harassment, covert discrimination, deprivation of First Amendment rights, and failure to investigate his complaints properly.

[3] The district court also reasoned that Robertson's claims should be dismissed because his claims were not sufficiently detailed to meet the heightened pleading standard of § 1983, and even if Robertson's claims were sufficiently detailed, Appellees are entitled to qualified immunity in this case. Because we hold that Appellees are entitled to summary judgment pursuant to FED. R. CIV. P. 56 (C) on Robertson's retaliation claim, it is unnecessary for us to discuss whether Robertson met the heightened pleading standard or whether Appellees are entitled to qualified immunity in this case.